IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ORLANDO ESCUADRA, | § | |
|    Movant | § | |
| | § | |
| V. | § | A-09-CA–538 LY |
| | § | (A-07-CR-013-LY(5)) |
| UNITED STATES OF AMERICA, | § | |
|    Respondent | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are the Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (pursuant to 28 U.S.C. § 2255) (Clerk's Doc. No. 172); and the Government's Response to Movant's Motion to Vacate, Set Aside or Correct Sentence (Clerk's Doc. No. 176). The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

**I. GENERAL BACKGROUND**

On February 6, 2007, Orlando Escuadra ("Escuadra") was charged in a one-count indictment with aiding and abetting with others to possess with intent to distribute at least 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a controlled substance, contrary to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and in violation of 18 U.S.C. § 2. The indictment also set forth the government's demand for the forfeiture of all right, title and interest in $74,773.00 in U.S. Currency seized from the defendants in the instant case.

In the underlying case, on February 7, 2007, Gerardo S. Montalvo was appointed to represent Escuadra. On February 13, 2007, a motion was filed requesting that Mr. Norvert Morales be substituted in place of Mr. Montalvo. On February 14, 2007, the district court granted the motion. On April 24, 2007, a criminal information was filed, and Escuadra entered a plea of guilty to the one-count criminal information. On July 24, 2007, the district court sentenced Escuadra to a 108-month term of imprisonment, followed by a three-year term of supervised release, and ordered that Escuadra pay a $100 mandatory assessment fee, and forfeit all right, title and interest in $74,773.00 in United States currency.[1] On December 12, 2007, Escuadra filed his notice of appeal. Escuadra's appeal was subsequently dismissed as frivolous.

Movant has now filed the instant motion under 28 U.S.C. § 2255 arguing that he was denied the effective assistance of counsel.

## II. STANDARD OF REVIEW

Under § 2255, there are generally four grounds upon which a defendant may move to vacate, set aside or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. The nature of a collateral challenge under Section 2255 is extremely limited: "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and

---

[1] Docket Entry No.120 shows Escuadra's term of imprisonment as 70 months. However, Docket Entry No. 130 shows an amended minute entry correcting the term of imprisonment from 70 months to 108 months.

'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If the error is not of constitutional or jurisdictional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

### III. DISCUSSION

**A.   Was Escuadra Denied the Effective Assistance of Counsel?**

Escuadra argues that he was denied the effective assistance of counsel because, due to a severe language barrier between him and his attorney,[2] he believed he was signing a plea agreement that called for a 70 month sentence, but he was instead sentenced to 108 months.

In order to prevail on an ineffective assistance of counsel claim, a petitioner must show that his counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient if it falls below an objective standard of reasonableness. *Id.* A court's review of counsel's performance must be highly deferential, with a strong presumption that the performance was reasonable. *Id.* at 689; *Little v. Johnson*, 162 F.3d 855, 860 (1998), *cert. denied*, 526 U.S. 1118 (1999). A court will not find ineffective assistance of counsel merely because it disagrees with counsel's trial strategy. *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir.), *cert. denied*, 528 U.S. 947 (1999). Moreover, "[a] fair assessment of attorney performance requires every effort to be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689.

---

[2]Movant asserts that his counsel was assisted by interpreters whose experience and knowledge of the Spanish language was mediocre at best.

To demonstrate the prejudice prong, a petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane*, 178 F.3d at 312. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "However, the mere possibility of a different outcome is not sufficient to prevail on the prejudice prong. Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Crane*, 178 F.3d at 312-313 (quoting *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir.), *cert. denied*, 522 U.S. 944 (1997)).

This same two-part standard applies to ineffective assistance of counsel claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). Therefore, the movant has the burden of proof and of persuasion to establish that a reasonable probability exists that but for his counsel's alleged ineffectiveness, he "would not have pleaded guilty and would have insisted on going to trial. *See Czere v. Butler*, 833 F.2d 59, 63 (5th Cir. 1987) (quoting *Uresti v. Lynaugh*, 821 F.2d 1099, 1101 (5th Cir. 1987)).

Escuadra argues that his attorney was ineffective because Escuadra was not fully informed of the ramifications of the plea agreement he signed. Specifically, Escuadra argues that due to a severe language barrier between himself and counsel, and because his counsel was assisted by interpreters whose experience and knowledge of the Spanish language was "mediocre at best," he believed that he would be sentenced to 70 months under the plea agreement. Escuadra admits that he understood his guidelines called for 108-135 months, but he argues that he also believed that the plea agreement overruled the recommended guideline range, such that he would only be sentenced to 70 months.

The record in this case simply does not support Escuadra's assertions. In fact, the record directly contradicts his allegations, and shows that he is not entitled to relief. Escuadra's attorney, Mr. Novert A. Morales, stated in his affidavit that when he visited with Escuadra in Seguin, Texas at the County Detention Center and at the Federal Courthouse, he was accompanied by two fluent Spanish speakers—Wendy Morales and Mr. Hermes Flores. *See* Government's Response at Exhibit B, page 1. Morales was born and raised in Mexico and only spoke Spanish in the household, and Mr. Flores is an attorney licensed in the Western District of Texas and is on the Spanish Speaking Court Appointed List for Travis County, Texas. *Id.* Mr. Morales stated that he used these two interpreters to assist him in explaining the court process, discovery, the plea agreement, and the Presentence Report to Escuadra. *Id.* at 1-2. Mr. Morales further stated in his affidavit that at no time did Escuadra advise him or lead him to believe that he did not understand what was being explained to him. *Id.* at 2.

The transcript of the rearraignment proceeding shows that Escuadra understood his possible sentence, what he was being charged with, and the ramifications of signing the plea agreement. *See* Government's Response at Exhibit C. First, the court specifically advised Escuadra that if at any time during the hearing he had difficulty understanding, he was free to raise his hand and the court would stop or slow down. *Id.* at 4-5. The court also advised Escuadra that it was very important that he understood everything the interpreter was saying.[3] *Id.* At no time did Escuadra advise the court that he was having problems communicating with his attorney, or that he felt the interpreters' performance in conveying the information was lacking in any way.

---

[3]In fact, Magistrate Judge Pitman stated, "This is very important because you can't come back later and say that you didn't understand or that you didn't know what you were doing," which is exactly what Escuadra is doing now.

At the hearing, Escuadra advised the court that he understood what he was charged with. *Id.* at 11. Escuadra was informed by the court that his attorney may have given him an estimate of what his sentence might be, but that it was only an estimate and it was not binding on the court. *Id.* at 13-14. Escuadra was specifically told that the only thing he could be assured of at that point was that his sentence would not be more than 20 years, and Escuadra advised the court that he understood. *Id.* at 14. Escuadra was also asked if he had been given the opportunity to see the plea agreement and have it read to him or explained to him in his native language. *Id.* at 19. Escuadra responded that he had. *Id.*

Additionally, Escuadra's counsel stated in his sworn affidavit that he reviewed the plea agreement with Escuadra and discussed the pros and cons of signing the agreement. *See* Government's Response at Exhibit B, page 2. Counsel stated that he discussed estimates of what sentence he thought Escuadra might receive, but advised him that he could not guarantee him what sentence he would receive. *Id.* Counsel also stated that he did not ever guarantee Escuadra a specific sentence of 70 months prior to his plea or at sentencing, and he advised Escuadra that his plea agreement did not guarantee him a particular sentence. *Id.*

Ordinarily, a defendant will not be heard to refute his testimony given at a plea hearing while under oath. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). Conclusory allegations of ineffective assistance of counsel fail to surmount the formidable barrier presented by a defendant's own open court assertion at a rearraignment hearing. *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Here, Escuadra's claim that he did not understand

the ramifications of signing the plea agreement due to a severe language barrier is wholly incredible given Escuadra's testimony under oath and the sworn testimony of his counsel. Accordingly, Escuadra is not entitled to relief.

## IV. RECOMMENDATION

The undersigned Magistrate Judge **RECOMMENDS** that Movant Orlando Escuadra's Motion to Vacate, Set Aside, or Correct his Sentence, pursuant to 28 U.S.C. § 2255 be **DENIED**.

## V. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S.Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is

directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 29th day of October, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE